# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INELL FOYE, : | |
| Plaintiff : | CIVIL ACTION NO. 3:14-CV-2478 |
| : | (Judge Nealon) |
| v. : | |
| : | |
| WEXFORD HEALTH SOURCES, : | |
| INC., ET AL., : | |
| Defendants : | |

## MEMORANDUM

On December 30, 2014, Plaintiff, Inell Foye, an inmate currently confined at State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), filed a pro se complaint in the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1). He names the following as Defendants: Wexford Health Sources, Inc. ("Wexford Health"); Mark Hale; Patrick Cummiskey; Warden Vincent Mooney; Jodie Martino; Chris T. Yackiel; Brian Davis; and Dorina Varner. See (Id.). He alleges that the Defendants have failed to provide him with "medical care/treatment on the specific days [his] [right] shoulder injuries and dislocations occurred, or anytime thereafter on multiple occasions." (Id. at p. 4). In particular, Plaintiff alleges that he was "denied the right to a MRI or an" orthopedic consultation, "which is with the proper procedures and guidelines of adequate medical treatment/care" for his right shoulder dislocations. (Id. at p. 6). He advances claims of deliberate indifference, negligence, medical negligence,

medical malpractice, and cruel and unusual punishment. (Doc. 1, p. 5). For relief, Plaintiff requests that Defendants be held liable for the following damages: one million dollars ($1,000,000.00) for damages against each Defendant; two and a half million dollars ($2,500,000.00) for compensatory damages against each Defendant; two and a half million dollars ($2,500,000.00) in punitive damages against each Defendant; costs; and interest. (Id.). He also requests injunctive relief in the form of an order directing Defendants to provide Plaintiff with an MRI exam, an orthopedic consultation, and surgery, if necessary, for his right shoulder. (Id.). Plaintiff also seeks a transfer to SCI-Chester, SCI-Graterford, or SCI-Mahanoy, "due to possible" retaliation. (Id.).

Also on December 30, 2014, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order, which is presently before this Court. (Doc. 6). In support of his motion, Plaintiff relies almost entirely on the allegations in his complaint.[1] (Id. at pp. 2-3). For relief, he requests an order: (1) directing Defendants to provide him with an MRI exam, an orthopedic consultation, and surgery, if necessary, for his right shoulder; (2) granting him

---

[1] Also in support of his motion, Plaintiff attached a newspaper article published by "The Daily Item," which "involves a former employee of SCI-Coal Township, filed a Civil Action against some of the outlined-captioned Defendants" in his complaint. (Doc. 6, pp. 2, 4).

2

continued access to the law library and the Court; (3) transferring him to SCI-Chester, SCI-Graterford, or SCI-Mahanoy; (4) preventing retaliation against him for exercising his First Amendment rights; and (5) restraining Defendants from taking any "adverse actions against the plaintiff" that "will hinder the plaintiff's overall progress with pursuing said claims to the [Court], or further deny or violate any of the plaintiff's individual rights guaranteed under the United States Constitution." (Doc. 6, p. 1). Plaintiff also asserts that "he will be 'worse off' and subject to 'actual or imminent injury' if the preliminary injunction & restraining order is not issued." (Id. at p. 3). Additionally, he claims that he "will face possible RETALIATION such as mail being held or not sent out, legal material taken away, retaliatory cell searches, denied access to law library, and retaliatory misconduct reports or administrative segregation." (Id.) (emphasis in original).

For the reasons set forth below, Plaintiff's motion for a preliminary injunction will be dismissed as moot as to his request for an order directing Defendants to provide Plaintiff with an MRI exam, orthopedic consultation, and surgery, if necessary, on his right shoulder. Plaintiff's motion for a temporary restraining order and the remaining portions of his motion for a preliminary injunction will be denied.

3

I.  **STANDARD OF REVIEW**

"A motion for a preliminary injunction filed by a pro se prisoner is governed by Rule 65 of the Federal Rules of Civil Procedure." Iverson v. Flowers, 2015 U.S. Dist. LEXIS 37526, at *1 (M.D. Pa. Mar. 25, 2015) (Nealon, J.) (citing FED. R. CIV. P. 65). "A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999); see Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (quoting NutaSweet Co., 176 F.3d at 153); see also Shelton v. Baker, 2014 U.S. Dist. LEXIS 125319, at *19 (M.D. Pa. 2014) (Nealon, J.) ("The standards for a temporary restraining order are the same as those for a preliminary injunction.") (citing Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994)).

"'[I]t is a movant's burden to show that the preliminary injunction must be the only way of protecting the plaintiff from harm.'" Iverson, 2015 U.S. Dist. LEXIS 37526, at *2 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)). "While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of

4

injunctive relief." Moore v. Mann, 2014 U.S. Dist. LEXIS 109949, at *5 (M.D. Pa. 2014) (Kosik, J.) (citing Stilp v. Contino, 629 F. Supp. 2d 449 (M.D. Pa. 2009)). To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). "In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party." Moore, 2014 U.S. Dist. LEXIS 109949, at *5 (citing BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000)). "'[F]ailure to establish an element in [a plaintiff's] favor renders a preliminary injunction inappropriate.'" Rush, 287 F. App'x at 144 (alterations in original) (quoting NutraSweet Co., 176 F.3d at 153). "Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution." Id. (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)). Also, "when the preliminary injunction is directed not merely at preserving the status quo but, as in this case, at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett, 621 F.2d at 582 (citing United States v. Spectro Foods Corp., 544 F.2d 1175, 1181

5

(3d Cir. 1976)).

"To show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury." Rush, 287 F. App'x at 144 (citing Acierno v. New Castle Cnty., 40 F.3d 645, 653 (3d Cir. 1994)). The United States Court of Appeals for the Third Circuit has stated that:

> "More than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a "presently existing actual threat; [an injunction] may not be used simply to eliminate a possibility of a remote future injury. . . .'"

Acierno, 40 F.3d at 655 (quoting Cont'l Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 358 (3d Cir. 1980)).

## II. **DISCUSSION**

### A. **Plaintiff's Request for an Injunction Directing Defendants to Provide Him with an MRI, an Orthopedic Consultation, and Surgery, if Necessary, is Moot**

Plaintiff's complaint and instant motion requests, inter alia, an order directing Defendants to provide Plaintiff with an MRI exam, orthopedic consultation, and surgery, if necessary, on his right shoulder. (Doc. 1, p. 5); (Doc. 6, p. 1). However, subsequent to the filing of the motion at issue, Plaintiff has indicated that he has received this requested treatment on April 17, 2015, and May

6

4, 2015.  See (Doc. 33, pp. 5, 7); (Doc. 34) (Plaintiff indicates that he was evaluated on April 17, 2015, by "video conference . . . with . . . M.D. McClock, and a doctor specialist, in which a MRI and Orthopedic Consultation was ordered for the second time."); (Doc. 35, p. 1) (filed a request to "ensure" that the medical records requested include the result of Plaintiff's May 4, 2015, MRI exam); (Doc. 37, p. 1) (Plaintiff requesting that his May 4, 2015, MRI results "be subpoenaed for review . . . ."). Consequently, because it appears that Plaintiff has received the treatment sought in his motion before this Court, it is determined that this portion of his motion will be dismissed as moot.  See Rush, 287 F. App'x at 144.

### B. Plaintiff is Not Entitled to an Injunction Ordering His Transfer to SCI-Chester, SCI-Graterford, or SCI-Mahanoy

Plaintiff also seeks a preliminary injunction ordering his transfer from SCI-Coal Township to SCI-Chester, SCI-Graterford, or SCI-Mahanoy "if the plaintiff meets the acceptable criteria." (Doc. 6, p. 1).  He claims that he will "face harm, and possible retaliation if this preliminary injunction and restraining order is not issued and [he] remains at SCI-Coal Township." (Id. at p. 2).  However, Plaintiff "has no entitlement to incarceration in any particular prison." Ball v. Beard, 396 F. App'x 826, 827 (3d Cir. 2010).  Therefore, he has failed to show a likelihood of success in obtaining a prison transfer.  See Id.

7

Additionally, Plaintiff appears to be requesting an order directing his transfer based, at least in part, on a speculative injury that could occur sometime in the future.  See (Doc. 6, p. 2) (Plaintiff claims that he will face "possible retaliation" if he remains at SCI-Coal Township).  Notably, outside of this speculation that Defendants or third parties will possibly retaliate against him if he remains at SCI-Coal Township, there are no factual allegations in his complaint or motion sub judice establishing that such danger is nothing more than a possibility.  See (Docs. 1, 6).  However, to obtain a preliminary injunction, a plaintiff must show immediate irreparable injury.  See Louis v. Bledsoe, 438 F. App'x 129, 131 (3d Cir. 2011) (citing Cont'l Group, Inc., 614 F.2d at 359).  "The mere risk of irreparable injury is not enough to satisfy this standard."  Adhesives Research, Inc. v. Newsom, 2015 U.S. Dist. LEXIS 48346, at *19-20 (M.D. Pa. Apr. 13, 2015) (Caldwell, J.) (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).  Therefore, his reliance on "possible retaliation" fails to show that Plaintiff faces immediate irreparable harm or a presently existing actual threat of irreparable harm.

As a result, the portion of Plaintiff's motion requesting for an order directing his transfer to SCI-Chester, SCI-Graterford, or SCI-Mahanoy will be denied.

### C. Plaintiff is Not Entitled to a Temporary Restraining Order or a Preliminary Injunction Enjoining Defendants and/or Third Parties from Retaliating Against Plaintiff

Plaintiff also seeks a temporary restraining order to restrain Defendants and third parties from "taking any adverse actions against the plaintiff [that] will ultimately hinder the plaintiff's overall progress with pursuing" his claims or "further deny or violate any of the plaintiff's individual rights guaranteed under the United States Constitution." (Doc. 6, p. 1). He also requests injunctive relief against Defendants and third parties because he "will face possible" retaliation "such as mail being held or not sent out, legal material taken away, retaliatory cell searches, denied access to law library, and retaliatory misconduct reports or administrative segregation." (Id. at p. 3). Thus, Plaintiff seeks to ensure he has "CONTINUED ACCESS TO THE LAW LIBRARY AND ACCESS TO THE COURT." (Id. at p. 1) (emphasis in original).

However, outside of his own speculation that Defendants and/or third parties will take "adverse actions" or retaliate against him by, inter alia, limiting his access to the law library or the courts, there are no factual allegations in his complaint or motion sub judice showing that he has faced or will face such danger at this time. See (Docs. 1, 6). Therefore, Plaintiff appears to be requesting a temporary restraining order and injunctive relief based on a speculative injury that

could occur sometime in the future.  See (Docs. 1, 6).  But, to obtain a preliminary injunction, a plaintiff must show immediate irreparable injury or a presently existing actual threat of irreparable harm.  See Louis, 438 F. App'x at 131 (citing Cont'l Group, Inc., 614 F.2d at 359); Acierno, 40 F.3d at 655 (quoting Cont'l Group, Inc., 614 F.2d at 358) (moving party must show more than a risk of irreparable harm to obtain injunctive relief and "'may not be used simply to eliminate a possibility of a remote future injury.'").  Therefore, on this basis alone, Plaintiff has failed to show that he has met his burden to obtain this requested relief and thus, this portion of his motion for a preliminary injunction and his motion for a temporary restraining order will be denied.

### III.  CONCLUSION

As a result of the foregoing, Plaintiff's motion for a preliminary injunction will be dismissed as moot as to his request for an order directing Defendants to provide Plaintiff with an MRI exam, orthopedic consultation, and surgery, if necessary, on his right shoulder.  Plaintiff's motion for a temporary restraining order and the remaining portions of his motion for a preliminary injunction will be denied.

A separate Order will be issued.

Date:  September 29, 2015                                          /s/ William J. Nealon
                                                                           **United States District Judge**